UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ONELBIS GUERRERO-PINO (A-246-014-174),

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX,

Respondent.

No. 1:26-cv-05634 DAD AC

ORDER AND FINDINGS AND RECOMMENDATIONS

Petitioner, a self-represented immigration detainee, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to accept late filing pertaining to his reply brief. ECF Nos. 1, 10. For the reasons discussed below, the undersigned recommends that the habeas petition be granted, petitioner be immediately released, and respondent be enjoined from unlawfully re-arresting or re-detaining petitioner. The motion to accept late filing (ECF No. 10) will be denied as unnecessary.

I. Factual Background[1]

Petitioner is a native and citizen of Cuba who entered the United States on November 24,

[1] In response to the petition, respondent did not deny petitioner's factual allegations. Accordingly, the facts contained in the petition are deemed admitted and will be relied upon unless the record reflects contrary facts. See ECF No. 9; Fed. R. Civ. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied.").

2022, with his parents at the age of 15. ECF No. 1 at 1, 3, 13, 38. On January 24, 2023, the United States Department of Homeland Security released petitioner pursuant to humanitarian parole under 8 U.S.C. § 1182(d)(5). Id. at 1-3, 13-14, 38; see also 8 U.S.C. § 1182(d)(5).

As a condition of release, petitioner was required to report to an Immigration and Customs Enforcement ("ICE") office within 60 days. Id. at 14. Petitioner asserts that he complied with all conditions of supervision and attended all scheduled immigration appointments until ICE informed him in August 2023 that he no longer needed to report for in-person appointments. Id. at 1-2, 5, 29-30.

On December 19, 2023, the immigration court dismissed petitioner's family removal proceedings without prejudice to allow petitioner and his family to pursue Cuban Adjustment of Status. Id. at 3, 21. Petitioner immediately filed his application for adjustment of status, which remains pending, and he applied for and was granted work authorization. Id. at 3, 23, 38.

On June 2, 2026, while driving to work, petitioner was involved in a traffic accident. Id. at 2, 38. Local law enforcement responded to the accident scene and contacted ICE, who took petitioner into custody. Id. Petitioner is currently in removal proceedings, with no final order of removal, and remains in immigration custody at Central Valley Annex.[2]

II. Procedural History

On July 20, 2026, the court received the petition for writ of habeas corpus under 28 U.S.C. § 2241, which challenges petitioner's detention. ECF No. 1. Respondent was directed to respond to the petition and required to "substantively address whether there are any factual or legal issues that materially distinguish [this case] from the court's prior orders in Chavarria v. Chestnut, No. 1:25-cv-1755 DAD AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025); Ayala Cajina v. Wofford,

---

[2] The court takes judicial notice of the information provided on the Executive Office for Immigration Review's ("EOIR") Automated Case Information webpage, available at https://acis.eoir.justice.gov/en/ (last visited Aug. 27, 2026), and the information provided on the Immigration and Customs Enforcement Online Detainee locator, available at https://locator.ice.gov/odls/#/search (last visited Aug. 27, 2026). See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

No. 1:25-cv-1566 DAD AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025); Mejia Parada v. Chestnut, No. 1:26-cv-1564 DAD JDP, 2026 WL 555479 (E.D. Cal. Feb. 27, 2026), and other similar cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable." ECF No. 6. The court warned that "[t]he court will construe failure to distinguish the above cited cases as a concession that the cases are not substantively distinguishable." Id.

Following an extension of time, respondent filed its response on August 5, 2026. ECF No. 9. Petitioner filed a motion to accept a late-filed reply, along with a reply. ECF Nos. 10-11.

III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

IV. Discussion

A. Motion to Accept Late Filing

The court ordered that a reply, if any, was due within 7 days of petitioner being served a copy of respondent's response. ECF No. 6. The certificate of service accompanying respondent's response certifies that on August 5, 2026, respondent served petitioner with the response via U.S. mail. ECF No. 9 at 2. Even assuming respondent's response could have been delivered to petitioner via mail that same day, the deadline to file a reply would be August 12,

2026. Since petitioner is a detainee proceeding pro se, he is afforded the benefit of the prison mailbox rule. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing). Under the prison mailbox rule, the date petitioner signed the reply will be considered his filing date absent evidence to the contrary. See Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003) (date petition is signed may be considered earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule). Here, the reply is signed and dated August 12, 2026. ECF No. 11 at 25. Accordingly, under the mailbox rule, petitioner's filing is timely, and his motion to accept late filing (ECF No. 10) will be denied as unnecessary.

However, because petitioner's reply raises new claims or is otherwise largely nonresponsive to respondent's response, the undersigned will not consider those portions of the reply. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (explaining that "[a] [t]raverse is not the proper pleading to raise additional grounds for relief); Greenwood v. Fed. Aviation Admin., 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief"). Moreover, because the court finds that petitioner is entitled to relief on his Fifth Amendment procedural due process claim, as set forth below, the undersigned need not address any new grounds which seek the same or similar relief (i.e., petitioner's release from detention).

B. Fifth Amendment Due Process Claim

Liberally construed, the petition asserts that the revocation of petitioner's release and re-detention without notice or a warrant is a violation of his Fifth Amendment due process rights. ECF No. 1 at 1-6. By way of relief, petitioner requests that the court order his release under reasonable conditions of supervision, if appropriate, or, in the alternative, order respondent to provide a prompt, constitutionally adequate custody determination, and grant such other and further relief the court deems just and proper. Id. at 6-7.

As noted above, the court's briefing order directed a response to the petition and that respondent substantively address whether this case is materially distinguishable from Chavarria,

Ayala Cajina, and Mejia Parada, and other similar cases issued by the court. See ECF No. 6. In the cited cases, noncitizens similarly asserted a violation of their due process rights based on the revocation of their release. Chavarria, 2025 WL 3533606, at *2-4; Ayala Cajina, 82025 WL 3251083, at *2-5; Mejia Parada, 2026 WL 555479, at *1.[3] Similar to petitioner, Chavarria addressed a noncitizen who had been released on humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5). Chavarria, 2025 WL 3533606, at *3-4. In each of the cited cases, the court found procedural due process requires a pre-deprivation notice and a hearing to determine whether re-detention is warranted. Id. at *3-5; Ayala Cajina, 82025 WL 3251083, at *4; Mejia Parada, 2026 WL 555479, at *1. Because the petitioners in these cases were not afforded these procedures, the court ordered their immediate release and enjoined respondents from re-arresting or re-detaining petitioners absent compliance with specific pre-deprivation procedural protections. Chavarria, 2025 WL 3533606, at *5; Ayala Cajina, 82025 WL 3251083, at *6; Mejia Parada, 2026 WL 555479, at *1-2.

In response, respondent does not reference or present any facts to distinguish this case from the court's prior orders in Chavarria, Ayala Cajina, or Mejia Parada. ECF No. 9. Instead, respondent concedes that "[t]his case is not substantively distinguishable from the cases cited in the Court's Order . . . and is in the category of immigration habeas cases for which the Court has typically ordered immediate release." Id. Considering the facts of this case and respondent's concessions, the undersigned adopts and incorporates by reference the reasoning in those cases and finds that petitioner's re-detention without a pre-deprivation hearing before a neutral adjudicator where the government would be required to justify his re-detention by clear and convincing evidence violates due process. Chavarria at *3-5; Ayala Cajina, 82025 WL 3251083, at *4; Mejia Parada, 2026 WL 555479, at *1; see also Sharma v. Warden of Golden State Annex Det. Facility, No. 1:25-cv-1861 AC, 2026 WL 1162718, at *5 (E.D. Cal. Apr. 29, 2026) ("[T]his court has [routinely] found that the Due Process Clause requires that, in order for the government

[3] The petitioners in Chavarria and Ayala Cajina also asserted that their detention violated the Immigration and Nationality Act ("INA"), but the court found that relief was warranted on the due process claim and therefore declined to address the statutory issue. Chavarria, 2025 WL 3533606, at *5, n.3; Ayala Cajina, 2025 WL 3251083, at *5.

to *re-detain* a noncitizen who has been *previously released* on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered.") (quoting Hernandez Gonzalez v. Warden, California City Corr. Ctr., No. 1:26-cv-2630 DC AC, 2026 WL 1069555, at *1 and collecting cases).

The response also asserts that "[d]etention in this case was pursuant to 8 U.S.C. § 1225(b)(2)(A)." Respondent "maintains [its] position that such provision governs here" but acknowledges binding precedent in this Circuit that "holds that § 1226(a) governs Petitioner's detention." Id. (citing Rodriguez Vazquez v. Bostock, __ F.4th __, 2026 WL 2196424 (9th Cir. July 30, 2026)). Respondent asserts that "[p]etitioner is therefore entitled to seek a custody redetermination hearing." Id. Respondent's misplaced focus on the statutory basis for detention fails to address petitioner's procedural due process claim under the Fifth Amendment and therefore ignores the legal issues raised in this case, which are constitutional. Accordingly, respondent's argument warrants no further discussion other than to clarify that, regardless of whether petitioner was released under 8 U.S.C. § 1182(d)(5) or § 1226(a), such release created a liberty interest in petitioner's continued freedom from detention, as outlined in the above-cited cases. And, as in those cases, the court finds the appropriate remedy for the due process violation in this case is release and an injunction against re-detention. Chavarria, 2025 WL 3533606, at *5; Ayala Cajina, 82025 WL 3251083, at *6; Mejia Parada, 2026 WL 555479, at *1-2.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the motion to accept late filing (ECF No. 10) is DENIED as unnecessary.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED as follows:
   a. Respondent shall IMMEDIATELY RELEASE petitioner ONELBIS GUERRERO-PINO, A-246-014-174, under the same conditions to which he was subject immediately prior to his detention on June 2, 2026. At the time of release, respondent must return all of petitioner's documents and possessions.

b. Respondent shall not impose any additional restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.

c. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner unless respondent provides at least 7 days' written notice to petitioner and holds a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondent will bear the burden of demonstrating that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.

2. The order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

3. Within three days of an order adopting these findings and recommendations, respondent be required to file a notice of compliance confirming petitioner's release and that the conditions of his supervision are the same as those to which he was subject prior to his June 2, 2026 detention.

4. The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 27, 2026

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE